# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA)

IVAN SOTO
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

*On Behalf of Himself and
Others Similarly Situated*

PLAINTIFF,

v.

Case No.:

VP CONSTRUCTION, LLC
2160 N Glebe Road, Suite A
Arlington, Virginia 22207

SERVE: Kevin M. O'Donnell, Esq.
Henry & O'Donnell
300 N Washington Street
Alexandria, Virginia 22314

DEFENDANT.

***

## COLLECTIVE ACTION COMPLAINT

Plaintiff Ivan Soto ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all others similarly situated, hereby submits his Collective Action Complaint against Defendant VP Construction, LLC ("Defendants") to recover unpaid wages and statutory damages and other herein identified relief under the Fair Labor Standards Act ("FLSA"), and for cause, states as follows.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Silver Spring, Maryland.

2. By acting as the named plaintiff in this action, Plaintiff hereby affirms his consent to participate as a plaintiff in a collective action to recover unpaid wages and statutory damages under the FLSA and for all other relief sought herein.

3. Defendant is a limited liability company formed under the laws of Commonwealth of Virginia with its principal place of business in Arlington, Virginia.

4. For the time period of least 2017 through the present ("the relevant time period"), Defendant directly and through its management and subcontractors, offered and performed electrical other construction related services to clients in Virginia, Maryland, and a variety of other states and jurisdictions.

5. For the relevant time period, Defendant, directly and through its managers and sub-contracted services, operated substantially and continuously in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

6. For the relevant time period, Plaintiff and other similarly situated individuals performed electrical hardwiring, installation, and other construction related services directly for Defendant or as directed by its managers and/or subcontractors for the benefit of Defendant's customers in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

7. For the relevant time period, Plaintiff and other similarly situated individuals performed employment work duties primarily for the benefit of Defendant and at the direction of its managers and/or subcontractors in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

8. Under arrangements and agreements between Defendant and its managers and subcontractors, Defendant delegated and sub-contracted the performance of its work duties on work projects to its managers and/or subcontractors. Under these arrangements and agreements, Defendant and its ownership and management supervised and directed the details, specifics, and the overall performance of the job duties performed by Plaintiff and other similarly situated individuals under the direct employ of the Defendant's managers and/or subcontractors. As part of these agreements and arrangements, Defendant, at all times, had full authority to discipline, suspend, and or terminate Plaintiff and other similarly situated individuals under the direct employ of the Defendant's managers and/or subcontractors and otherwise had full power and control over the performance of the job duties of Plaintiff and other similarly situated individuals as if these individuals were performing work directly for Defendant.

9. During the relevant period, Plaintiff and other similarly situated individuals performed employment work duties directly for Defendant and/or for its managers and/or subcontractors on jobs and projects which Defendant was contracted, involved, or otherwise had financial interests.

10. In the performance of their work duties for Defendant or its managers and/or subcontractors, Plaintiff and other similarly situated individuals knew and understood that Defendant's ownership, members, and managers were their managers and supervisors and could and in fact did dictate and direct their job duties, and could and in fact did punish or discipline Plaintiff and other similarly situated individuals.

11. During the relevant period, Plaintiff and other similarly situated individuals, while performing duties directly for Defendant and/or its managers and/or

3

subcontractors on jobs and projects which Defendant was contracted, involved, or otherwise had a financial interest, were directed to represent themselves as employees of Defendant and that Defendant was directly in charge of their employment.

12. At all times relevant, Defendant qualified as the "employer" for Plaintiff and other similarly situated individuals for purposes of the FLSA.

15. At all times relevant, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

16. At all times relevant, Defendant hand annual gross sales exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

17. At all times relevant, Plaintiff and all other individuals employed by Defendant and/or by its managers or subcontractors were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. This Court has subject matter jurisdiction over this matter because Plaintiff brings claims against Defendant under the FLSA, a Federal labor and employment statute presenting a Federal Question for this Court.

19. In consideration of the foregoing venue are proper in this Court.

## FACTS

20. Plaintiff was employed by Defendant, by and through its managers and/or direct subcontractors, as an electrician performing employment work duties on

4

Defendant's construction projects in Virginia, Maryland, and other jurisdictions for the period of about April 2017 through about April 2019.

21. In the performance of his work duties, Plaintiff was regularly and customarily supervised, managed, and directed by Angel Sorto, a manager or foreman directly employed by Defendant.

22. In the performance of his work duties, Plaintiff was also regularly and customarily supervised, managed, and directed by Rob, Defendant's Vice President.

23. During the relevant period, Plaintiff exact schedule and hours varied slightly from day to day and from week to week.

24. Customarily, Plaintiff worked from about 7:00 AM - 5:30 PM/6:00 PM and worked five (5) to six (6) days per week.

25. Customarily, Plaintiff worked, on average, about fifty-five (55) to sixty (60) hours per week.

26. At all times relevant, Defendant had actual knowledge of all hours Plaintiff worked each week and directed, supervised, and managed Plaintiff while Plaintiff performed work duties for Defendant's benefit for all weekly hours herein alleged.

27. As to his compensation, Defendant, by and through its Vice President Rob, paid Plaintiff a day rate of $170.00, paid entirely in cash.

28. The day rate Defendant paid to Plaintiff was the same amount for each day, no matter how many hours Plaintiff worked.

29. The day rate Defendant paid to Plaintiff did not include time-and-one-half premium overtime wages for work Plaintiff performed over forty (40) hours per week as required by the FLSA.

30. Defendant now owes Plaintiff his unpaid "half time" overtime wage premium for all overtime Plaintiff worked over forty (40) hours per week.

31. Based on Plaintiff's personal estimations of his hours worked as set forth herein, Defendant now owes Plaintiff unpaid "half time" overtime wages in the amount of about Fifteen Thousand Dollars ($15,000.00).

32. On information and belief, at all times during Plaintiff's employ, Defendant had actual knowledge of the Federal time-and-one-half overtime pay requirement.

33. On information and belief, at all times during Plaintiff's employ, Defendant had actual knowledge that Plaintiff was not exempt from the Federal time-and-one-half overtime pay requirement.

34. On information and belief, at all times during Plaintiff's employ, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff for overtime worked in excess of forty (40) hours per week violated the Federal time-and-one-half overtime pay requirement and Defendant willfully and knowingly paid Plaintiff and other similarly situated individuals in cash at day rates to avoid paying overtime wages as required by Federal law.

## COLLECTIVE ACTION ALLEGATIONS

35. During the relevant time period, approximately twenty (20) or more other similarly situated individuals are currently or have been employed by Defendant performing electrical or other construction related duties on jobs and projects.

36. The other similarly situated individuals were employed directly by Defendant or were employed by Defendant's managers and/or subcontractors for Defendant's direct benefit on work projects on which Defendant was contracted, involved, or otherwise had a financial interest.

37. The duties, responsibilities, and activities of these other similarly situated individuals were and/or are essentially the same as the duties, responsibilities, and activities that Plaintiff performed for the benefit of Defendant and its customers.

38. The other similarly situated individuals were paid by Defendant on a day-rate basis.

39. During the relevant time period, the other similarly situated individuals worked more than forty (40) hours in many workweeks.

40. During the relevant time period, Defendant paid the other similarly situated individuals at their regular day rate for all hours worked each week including overtime worked in excess of forty (40) hours per week.

41. At no time did Defendant pay the other similarly situated individuals at the rate of one and one-half times their regular rate of pay for overtime worked in excess of forty (40) hours per week.

42. Because the other similarly situated individuals and Plaintiff were paid "straight time" for overtime hours worked in excess of forty (40) hours each week,

Plaintiff and other similarly situated individuals are owed unpaid "half time" overtime compensation, plus liquidated damages, plus attorneys' fees and costs.

## CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act
### (Overtime)

43. Plaintiff re-alleges and re-asserts each allegation set forth above, as if each were set forth herein.

44. As set forth above, while in Defendant's employ, Plaintiff regularly worked overtime in excess of forty (40) hours per week.

45. As set forth above, Defendant paid Plaintiff "straight time" at Plaintiff's regular day rate for all hours Plaintiff worked each week and failed to compensate Plaintiff fully and properly and as required by the FLSA for overtime worked in excess of forty (40) hours per week.

46. Defendant's actions of violating the FLSA overtime compensation requirements were not the product of objective good faith or otherwise objectively reasonable.

47. Defendant's failure and refusal to pay Plaintiff overtime wages as required by the FLSA was willful and intentional.

WHEREFORE, Defendant is liable to Plaintiff and all others that join or otherwise "opt-in" to this action for all unpaid overtime wages amounts proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*[signature]*

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*